ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **CLARA WASSERSTEIN RUBINSTEIN**<br><br>Peticionaria<br><br>v.<br><br>**JEFF BEREZDIVIN KRESS**<br><br>Recurrido | TA2025CE00662 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.:<br>**BY2024CV03547**<br><br>Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de diciembre de 2025.

Mediante *Petición de Certiorari* instada el 22 de octubre de 2025, comparece ante nos, la señora Clara Wasserstein Rubinstein (señora Wasserstein Rubinstein o peticionaria) y nos solicita que revoquemos la *Resolución* emitida el 22 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante esta, el TPI declaró *No Ha Lugar* la *Solicitud de Remedio y/o de Cese y Desista* presentada por la peticionaria.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

## I.

Según surge del expediente, mediante *Sentencia* emitida el 23 de abril de 2024, las partes disolvieron su matrimonio en el caso BY2023RF02120.

Posteriormente, el 17 de junio de 2024, la señora Wasserstein Rubinstein presentó una *Demanda* contra el señor Jeff Berezdivin Kress (señor Berezdivin Kress o recurrido) sobre liquidación de

bienes gananciales y/o comunidad postganancial; daños y perjuicios; administración judicial y remedios provisionales. En la demanda, expuso que, durante su matrimonio, ella y el señor Berezdivin Kress adquirieron millonarios bienes e incurrieron en deudas gananciales atribuibles a la sociedad legal de gananciales y que procedía la liquidación y adjudicación de los bienes en partes iguales. Añadió que, como parte de la sentencia de divorcio, se consignaron ciertas medidas cautelares hasta la liquidación final de los bienes que el señor Berezdivin Kress ha ignorado en abierto menosprecio a la autoridad judicial, lo cual la ha privado de derechos sustantivos. Por lo anterior, solicitó al foro primario, entre otras cosas, que condenara al señor Berezdivin Kress al pago de los daños causados por su culpa y/o negligencia y/o incumplimiento doloso con sus deberes legales y/o contractuales, y procediera a inventariar, tasar, valorizar, disolver y liquidar todos los bienes de la comunidad de bienes *post ganancial*, con la correspondiente adjudicación de todos sus bienes.

Luego de múltiples trámites procesales y comenzado el descubrimiento de prueba, el 5 de mayo de 2025, la señora Wasserstein Rubinstein instó una *Solicitud de Remedio y/o de Cese y Desista*. Argumentó que el señor Berezdivin Kress realizó aportaciones a ciertas entidades con interés de la comunidad *post ganancial* que le fueron ocultadas intencionalmente, privándola de ejercer un potencial derecho de aportación a sus propias entidades. Precisó que dichas actuaciones comprometían la estructura de la comunidad *post ganancial* sin forma o sustancia al intentar reducir de manera unilateral su participación.

En particular, alegó que el señor Berezdivin Kress no poseía autorización por sí solo para invertir en nombre de la entidad Tres Calas, LLC, ni de la comunidad *post ganancial* de bienes Wassertein-Berezdivin, excluyéndola. Por tanto, requirió del foro *a quo* que

dictara una orden dirigida al señor Berezdivin Kress para que cesara y desistiera de:

> [R]ealizar aportaciones de bienes de la comunidad, a otras entidades corporativas en las que esta tiene intereses sin previa consulta y/o oportunidad a la demandante de igualar la aportación en caso de que esta proceda. A su vez determine que las aportaciones unilaterales realizadas y a realizar, se consideran hechas a beneficio de la comunidad de bienes y/o deben integrase como partidas en el activo del inventario de los bienes comunes a liquidar.

La señora Wasserstein Rubinstein razonó que el remedio incoado era el único racionalmente ejecutable, pues, a su entender, mientras no se designara un administrador judicial, era impracticable la administración de los bienes cuando la participación debía ser igualitaria.

El señor Berezdivin Kress se opuso al antedicho petitorio. En síntesis, esbozó que el proceso de liquidación de una comunidad *post ganancial* no podía ser fundamento para que las operaciones de múltiples entidades ajenas al caso cesaran de operar o se afectaran. Añadió que las partes en este caso son socios, directa o indirectamente, de varias entidades que a su vez manejan negocios, cuyas operaciones continúan con normalidad y que no son parte en este caso ni lo pueden ser. Adujo que, como parte de las funciones de dichas entidades, de tiempo en tiempo se les requiere a sus miembros hacer aportación por diversos motivos; aportaciones que son determinadas por las propias entidades. Destacó que las aportaciones mencionadas en la moción de cese y desista las realizó en su carácter personal, independientemente de quien tuviera la obligación de hacerla. Mencionó que ello era importante, porque la entidad originalmente obligada, principalmente, a efectuar dichas aportaciones era Tres Calas, LLC, la cual pertenece en un 100% a las partes en este caso. A su vez, argumentó que. debido a la inacción de la señora Wasserstein Rubinstein en los asuntos que competen a la coadministración, se vio en la obligación de realizar

dichas aportaciones utilizando fondos pertenecientes a él de carácter privativo, con el fin de no perjudicar el funcionamiento de las entidades.

Por medio de una *Orden* emitida el 22 de julio de 2025, el foro de instancia declaró *No Ha Lugar* la *Solicitud de Remedio y/o Cese y Desista* presentada por la señora Wasserstein Rubinstein.

En desacuerdo, la señora Wasserstein Rubinstein solicitó reconsideración, a lo cual se opuso el señor Berezdivin Kress oportunamente. El 29 de septiembre de 2025, el TPI dictó una *Resolución Interlocutoria*, mediante la cual declaró *No Ha Lugar* la reconsideración solicitada.

Aun inconforme con la determinación del foro primario, la señora Wasserstein Rubinstein incoó el recurso de *certiorari* bajo nuestra consideración. En este le imputó al TPI la comisión de los siguientes errores:

> INCIDIÓ GRAVEMENTE EL TPI SALA SUPERIOR DE BAYAMÓN AL NEGARSE A DICTAR LAS MEDIDAS CAUTELARES INSTRUMENTALES SOLICITADAS INTRÍNSECAS A LA PROPIA COADMINISTRACIÓN VIGENTE INCURRIENDO EN UN ERROR DE DERECHO QUE MENOSCABA LOS DERECHOS DE LA PETICIONARIA Y DILUYE SU PARTICIPACIÓN.

> ERRÓ CRASAMENTE EL TPI SALA SUPERIOR DE BAYAMÓN AL PERMITIR AL DEMANDADO QUE CONTROLE TODO LO RELACIONADO CON LOS BIENES COMUNITARIOS SIN INTERVENCIÓN Y/O PRIVÁNDOLE DEL DERECHO DE INFORMACIÓN DE LA PETICIONARIA QUIEN ES EL ÚNICO QUE DISFRUTA DE LOS BIENES, COMUNITARIOS EN MENOSCABO DE LOS DERECHOS DE LA PETICIONARIA.

El 13 de noviembre de 2025, el señor Berezdivin Kress presentó su *Alegato en Oposición al Certiorari.* Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores

que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[1] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

### III.

En su escrito, la peticionaria esencialmente argumenta que el TPI abusó de su discreción al mantener y avalar las actuaciones del recurrido, como consecuencia de no emitir la orden de cese y desista solicitada. Es su contención que el foro primario hizo una abstracción del derecho aplicable, pues priva de contenido práctico la coadministración de la comunidad *post ganancial*. Arguye que el foro de instancia, sin razón, descartó los hechos materiales

incontrovertidos que surgen de la solicitud de cese y desista de cualquier acción sin consultar con la coadministradora aquí peticionaria. Entiende que procede ordenar al recurrido proveer, inmediatamente, todos los documentos e información requeridos y no provistos, relacionados con la comunidad *post ganancial* y la coadministración establecida.

Además, la peticionaria alega que el TPI incidió al no ordenar la producción de todos los documentos sobre las aportaciones realizadas después del divorcio, como de cada una de las actuaciones y asuntos de la coadministración, como de todo documento e información relacionada y no provista, con la coadministración.

Por su parte, el recurrido aduce que no procede la intervención de este Foro en esta etapa de los procedimientos, pues aún se encuentran *subjudice* ciertos aspectos sobre medidas cautelares formuladas por la peticionaria. Al mismo tiempo, esboza que, lejos de menoscabar los derechos de la peticionaria o de causar perjuicio alguno, su actuación constituyó un acto de conservación patrimonial que garantiza que, al momento de la liquidación de la comunidad, las participaciones de ambas partes reflejen un valor saludable y sostenible. Añade que, tanto la base jurídica aplicable, como las circunstancias fácticas particulares del caso, respaldan el proceder del TPI, que actuó dentro de los límites de su discreción judicial y conforme al marco legal vigente al momento de resolver la solicitud de remedio, cese y/o desista. Es su parecer que la decisión del TPI no fue arbitraria ni carente de fundamento, sino el resultado de la valoración razonada de las alegaciones y contando con la prueba presentada por las partes en las vistas de medidas cautelares celebradas.

Tras un análisis de la totalidad de las circunstancias del caso, colegimos que no concurre ninguno de los criterios que nos mueva

a expedir el auto solicitado por la peticionaria. El foro *a quo*, en el ejercicio de la discreción que ostenta en el manejo de los casos, denegó la solicitud de remedio y/o de cese y desista incoada por la peticionaria. Esta determinación no presenta indicios de prejuicio, parcialidad o error craso o manifiesto.

Tampoco encontramos que concurra criterio o situación alguna que nos mueva a intervenir con la determinación del TPI para evitar un fracaso de la justicia. Por el contrario, somos del parecer que, inmiscuirnos con la causa en esta etapa procesal, ocasionaría un fraccionamiento innecesario en los asuntos pendientes en el TPI. Por tanto, lo razonable es abstenernos de ejercer nuestra función revisora.

Advertimos que la denegatoria de un recurso de *certiorari* no prejuzga los méritos del asunto planteado, y, por tanto, este puede ser reproducido nuevamente mediante el correspondiente recurso de apelación. *García v. Padró*, supra, citando a *Núñez Borges v. Pauneto Rivera*, 130 DPR 749(1992).

### IV.

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari*. Se devuelve el caso al TPI para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones